[Civ. No. 3394. Second Appellate District, Division Two.—May 19, 1922.]

FRANK KUBISTA, Plaintiff and Respondent, v. A. J. DANIELS, Defendant and Appellant; ANNA M. COLKINS, Defendant and Respondent.

[1] PROMISSORY NOTES — JUDGMENT — FAILURE TO INCLUDE MAKER— COMPLAINT BY GUARANTOR.—In an action against both the maker and guarantor of four promissory notes, two of which were transferred to the plaintiff by indorsement in due course and two by delivery without indorsement, the guarantor cannot complain of the judgment against him alone on the two notes delivered without indorsement, notwithstanding a finding against the maker on all his special defenses.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. C. Gould for Appellant.

Woodruff & Shoemaker for Defendant and Respondent.

No appearance for Plaintiff and Respondent.

WORKS, J.—Defendant Colkins executed her four certain promissory notes to one Brunken, the payment of all of the paper having been guaranteed by defendant Daniels. Brunken transferred the notes to plaintiff, two of them by indorsement in due course, two by delivery without indorsement, and plaintiff brought the present suit against both Daniels and Colkins on all four of the instruments. Defendant Colkins interposed defense as to all of the notes on the grounds that they had been obtained by the payee by means of fraud and deceit, that they had been given without consideration, and that if there was a consideration it had failed. The trial court found against defendant Colkins on each of these issues and rendered judgment against both defendants on the two notes which had been trans-

ferred to plaintiff by indorsement. Judgment on the other notes, the title to which had been passed to plaintiff by delivery only, went against defendant Daniels alone. That defendant alone appeals.

[1] The opening brief of appellant is short, fragmentary, and unsatisfactory, no closing brief having been filed by him. After conceding that judgment against both defendants was proper on the two notes which were transferred by indorsement, and after stating the findings of the trial court on the issues presented by the answer of respondent Colkins, the writer of the brief proceeds: "But, after finding against every one of defendant Colkins' special defenses, the court nevertheless rendered judgment in favor of defendant Colkins as maker of the notes and against defendant Daniels as guarantor. The court finds that defendant Colkins has no defense to the payment of the notes, and then excuses her from payment, placing the entire burden on the guarantor. The only possible judgment under the findings is one holding defendant Colkins for payment of all four notes. The present judgment is not supported by the findings, and therefore must be set aside." This language is somewhat cryptic, but we gather from it, and from the whole tenor of the brief, that the only point made by appellant is that judgment on the two notes which respondent Kubista took without indorsement should have gone against both defendants. It is to be observed that no claim is made in the brief that Kubista was not entitled to judgment against appellant, if, at least, the maker of the notes were caught in the net with him. His position appears to be that the judgment against him is a righteous judgment, but that the trial court erred in not rendering judgment against the maker of the two unindorsed notes also. We cannot see what difference it makes to appellant whether or not the maker of the notes was included in the judgment. Undoubtedly, if the judgment had gone against both maker and guarantor the liability of the latter to pay would have been as great as it now is, for in that event he could have been required to pay the entire debt, as he is compellable to do under the judgment now standing against him. It appears to us that appellant has shown no reason why either the judg-

ment against him or the judgment in favor of his code-
fendant should be disturbed.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by
the district court of appeal on June 16, 1922.